IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALGEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-301 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED OR SUPPLEMENTAL ANSWER<br>(Docket No. 35) |

    Defendant Nordstrom, Inc. moves for leave to file an amended or supplemental answer to Plaintiff Brian Algee's complaint. Plaintiff opposes this motion. Having considered the arguments presented in the papers and at oral argument, the Court GRANTS Defendant's motion.

## BACKGROUND

    On December 21, 2010, Plaintiff filed this action, on behalf of himself and a putative class of salaried Executive Chefs, in the Superior Court of the State of California, in San Francisco County. In his complaint, Plaintiff alleges that Defendant violated California state law by failing to pay overtime compensation and meal and rest period compensation, failing to provide accurate wage statements, failing to pay compensation timely upon termination of employment or voluntarily separation and unfair business practices amounting to unfair competition.

The putative class encompasses persons whom Defendant employed as Executive Chefs in one or more Nordstrom restaurants in California at any time on or after December 17, 2006.

On January 19, 2011, Defendant filed an answer and affirmative defenses in state court. The following day, Defendant removed this action to this Court pursuant to its diversity jurisdiction.

On July 14, 2011, this Court held a case management conference and set that date as the deadline to add additional parties or claims.

In late August 2011, Defendant implemented a new policy requiring that all current employees arbitrate on an individual basis all "past, present, and future disputes" with Nordstrom regarding their employment relationship, including claims related to "unfair competition, compensation, breaks and rest periods."

Defendant now seeks to amend or supplement its answer to assert defenses related to its new arbitration policy.

## LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) provides for liberal allowance of amendments to pleadings. However, because Defendant moved to file an amended answer on October 14, 2011, three months after the deadline established under the case management order, Rule 16(b) applies.

Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."

2

Fed. R. Civ. Pro. 16(b). Where a schedule has been filed, the plaintiff's ability "to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Therefore, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. Id.

In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Id. at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party moving for an amendment to a scheduling order must therefore show it was diligent in assisting the Court to create a workable schedule at the outset of litigation, that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary. Id. at 608.

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely

3

given when justice so requires." Because "Rule 15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531 (N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)). Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the party has previously amended the pleadings. Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 n.3 (9th Cir. 2009). Because Rule 16(b)'s "good cause" inquiry essentially incorporates the other factors, "if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Thompson v. City of Redding, 2011 U.S. Dist. LEXIS 69645, at *3 n.2 (E.D. Cal.). However, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

## DISCUSSION

Plaintiff argues that good cause does not exist and that amendment would be futile.

4

I.   Good Cause

Plaintiff does not dispute that Defendant acted with diligence in seeking this amendment.  Earlier this year, in AT&T Mobility, LLC v. Concepcion, 131 S. Ct. 1740 (2011), the Supreme Court held that the California Supreme Court's Discover Bank[1] rule, which provided that class-action waivers in consumer contracts of adhesion were unconscionable in cases where a party with superior bargaining power was alleged to have cheated large numbers of consumers out of individually small sums of money, was pre-empted by the Federal Arbitration Act (FAA).  Id. at 1753.  Defendant explains that, in response, it revised its employee arbitration agreement to include a class action waiver, in or around August 2011.  Mot. at 3.  On September 30, 2011, Defendant asked Plaintiff to stipulate to Defendant's filing of an amended answer.  On October 11, 2011, Plaintiff refused to stipulate.  Three days later, on October 14, 2011, Defendant filed the instant motion.  Accordingly, it appears that Defendant acted with diligence in seeking to amend its answer.

II.   Futility

Plaintiff argues that amendment would be futile, because he himself is not bound by the revised policy, in that his employment with Defendant terminated in September 2010, almost a year before the new policy was promulgated.  However, as Defendant points out,

---

[1] Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005).

5

Plaintiff is seeking to pursue his claims on behalf of a class that includes individuals who are currently employed by Defendant and who may be bound by the new policy. Plaintiff does not cite any authority supporting that Defendant cannot assert a defense in his answer that only applies to some putative class members.

Plaintiff makes no other argument that there is no set of facts under which the amendment to the pleadings would constitute a valid and sufficient defense. Instead, Plaintiff makes arguments that focus on whether the relevant arbitration agreement in this case in fact compels arbitration in this lawsuit. To support that this is an appropriate inquiry, Plaintiff relies on a single case, Mannick v. Kaiser Found. Health Plan, Inc., 2005 U.S. Dist. LEXIS 40405 (N.D. Cal.). However, Plaintiff misstates what the court found in that case. In Mannick, the court was simultaneously presented with a motion to compel arbitration and a motion to amend the answer. The court addressed the motion to compel arbitration first and examined the evidence presented to find that the claims asserted in the lawsuit were not covered by the arbitration agreement. Id. at *13-15. The court denied the motion because the defendants had no right to compel arbitration. Id. The court then considered the motion to amend the answer and concluded that, "as the court has denied the motion to compel arbitration, the issue is moot." Id. at *16. The court in Mannick did not determine whether the defendants would be ultimately successful on the defense in order to decide the motion

6

to amend the answer, but considered this instead to decide the motion to compel arbitration. Plaintiff cites no other case in which a court, in the context of a motion to amend the pleadings, made a determination of whether the defendants would ultimately be able to prevail on a defense, instead of assessing whether it would be possible for the defense to be proven under any set of facts. Thus, Plaintiff's remaining arguments, which go to whether Defendant will ultimately be able to prevail on this defense, are more appropriately raised in the context of a motion to compel arbitration.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion for leave to file an amended or supplemental answer. Defendant shall file its amended or supplemental answer by January 5, 2012.

IT IS SO ORDERED.

Dated: 12/27/2011

CLAUDIA WILKEN
United States District Judge