UNITED STATES DISTRICT COURT

Northern District of California

BRIAN ALGEE,

                Plaintiff,

  v.

NORDSTROM, INC.,

                Defendant.
_____/

No. C 11-301 CW (MEJ)

**ORDER RE: DISCOVERY DISPUTE**

**Re: Dkt. No. 64**

## I. INTRODUCTION

Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff Brian Algee ("Plaintiff") and Defendant Nordstrom, Inc. ("Defendant") on April 19, 2012. Dkt. No. 64. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

On December 21, 2010, Plaintiff filed this putative class action against Defendant in San Francisco County Superior Court on behalf of all persons who are or were employed as Executive Chefs by Nordstrom in any Nordstrom restaurant in California on or after December 17, 2006. Compl. at 1-2, Dkt. No. 1-1, Ex. A. Plaintiff alleges that Defendant failed to pay overtime compensation, failed to pay meal and rest period compensation, and knowingly and intentionally failed to comply with itemized employee wage statement provisions. *Id.* at 2. Defendant removed the case to this Court on January 20, 2011, based on diversity jurisdiction. Dkt. No. 1.

At issue here is Plaintiff's First Set of Special Interrogatories, which seek names and contact information, including addresses and telephone numbers, for the members of the putative class. Joint Letter, Ex. A. Plaintiff believes that he is entitled to this discovery prior to class certification because putative class members are not only "interested" parties but are also percipient witnesses with potentially vital information regarding the proposed class' claims. *Id.* at 1.

### III. DISCUSSION

In the Joint Letter, Plaintiff argues that he is entitled to an order compelling Defendant to produce the contact information because it is necessary to assemble information he needs to meet the elements required for class certification under Federal Rule of Civil Procedure ("Rule") 23. *Id.* at 2. In support of this argument, Plaintiff maintains that the class list he seeks will lead to the discovery of evidence directly relevant to class certification, namely: (1) the size of the putative class, estimated to be 60, supporting the numerosity requirement; (2) allowing each person on the list the opportunity to testify regarding his or her job duties, which will help establish commonality; (3) that his claims are typical of other putative class members' claims; and (4) that Plaintiff can adequately represent other putative class members' interests. *Id.*

In response, Defendant argues that Plaintiff lacks standing to prosecute his claims against it because his own deposition testimony confirms that there were no Labor Code violations, and he is therefore unable to establish a prima facie case supporting his claims. *Id.* at 4. In the alternative, Defendant argues that even if Plaintiff did have standing, he is not entitled to personal contact information for every putative class member, and that production should be limited to the Nordstrom location at which he worked. *Id.* at 5. Finally, Defendant argues that the contact information Plaintiff seeks is protected by the putative class members' constitutional privacy rights and Defendant is without power to waive those rights. *Id.* at 6.

**A.    Legal Standard**

Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court. *Vinole v. Countrywide Home Loans, Inc.* 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class

2

certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the Rule 23 class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

A court must determine whether the action may be maintained as a class action as soon as is practicable after the action is filed. Fed. R. Civ. P. 23(c)(1). Accordingly, discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist. *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). To deny discovery where it is necessary to determine the existence of a class or set of subclasses would be an abuse of discretion. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (citing *Kamm*, 509 F.2d at 210). "The better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.*

Pursuant to Rule 23, a member of a class may sue on behalf of all members only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

**B.    Application to the Case at Bar**

1.    <u>Class Certification</u>

Here, the Court finds that Plaintiff is able to establish a prima facie case. As to the first element under Rule 23, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity requirement demands "examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the Nw., Inc. v.*

3

*EEOC*, 446 U.S. 318, 330 (1980).  "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1121 (E.D. Cal. 2009) (citation omitted).  Plaintiff estimates that the size of the putative class is 60 members, Joint Letter at 2, and Defendant does not dispute this.  Thus, the presence of approximately 60 similarly situated class members satisfies the numerosity requirement.

Rule 23(a) also demands "questions of law or fact common to the class."  This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]"  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).  As summarized by the Supreme Court:

> What matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L.Rev. 97, 132 (2009)).  In this case, there are discrete factual and legal issues common to the proposed class that, when answered, appear to be dispositive of the entire litigation.  As stated above, Plaintiff alleges that Defendant failed to pay overtime compensation, failed to pay meal and rest period compensation, and knowingly and intentionally failed to comply with itemized employee wage statement provisions.  The Court finds that these issues meet the standard of commonality, as their resolution will generate common answers apt to drive resolution of the litigation.

The next requirement of Rule 23(a) is typicality, which focuses on the relationship of facts and issues between the class and its representatives.  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation and internal quotation marks omitted).  Here, as discussed above, Plaintiff alleges that

4

Defendant failed to pay overtime compensation, failed to pay meal and rest period compensation, and knowingly and intentionally failed to comply with itemized employee wage statement provisions. While these claims might require different calculations for each class member if proven true, for purposes of establishing a prima facie case at this early stage in the litigation, Plaintiff's allegations meet the typicality requirement.

The final requirement of Rule 23(a) is adequacy. Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940)). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). The named plaintiffs and their counsel must have sufficient "zeal and competence" to protect the interests of the rest of the class. *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).

Here, Defendant argues that Plaintiff's own deposition testimony establishes that he is not an adequate class representative. Specifically, in his deposition, Plaintiff testified that more than 80% of his working time was spent supervising subordinate employees, that Nordstrom's job description of the Chef position (which primarily lists exempt duties under California law) accurately summarized his work, and that he accurately and independently completed two surveys during his employment that show he was spending the substantial majority of his working time engaged in exempt duties. Joint Letter at 4-5; Ex. B (Algee Dep.) at 163:15-164:6, 171:20-174:20, 174:23-176:9, 182:7-24). Defendant's argument goes to the merits of Plaintiff's claims, which the Court is not prepared to address at this early stage in the litigation.[1] "The better and more advisable practice

---

[1] Defendant should be mindful that this matter has been referred to the undersigned solely for purposes of discovery. Any arguments relating to the merits of Plaintiff's case should be brought

5

1 for a District Court to follow is to afford the litigants an opportunity to present evidence as to
2 whether a class action was maintainable. And, the necessary antecedent to the presentation of
3 evidence is, in most cases, enough discovery to obtain the material, especially when the information
4 is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313 (citation omitted).
5 Addressing the two questions posed, the Court finds no evidence at this stage in the litigation that
6 (1) Plaintiff and his counsel have any conflicts of interest with other class members, and (2) Plaintiff
7 and his counsel will not prosecute the action vigorously on behalf of the class. Accordingly,
8 Plaintiff has satisfied the adequacy requirement.

9 Based on this analysis, the Court finds that the prima facie requirement is satisfied, and it
10 must now determine whether discovery of the requested contact information will likely provide
11 Plaintiff an opportunity to present evidence as to whether a class action is maintainable.

### 2. Discovery of Contact Information

13 The disclosure of names, addresses, and telephone numbers is a common practice in the class
14 action context. *See Currie-White v. Blockbuster, Inc.,* 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15,
15 2010); *see also Babbit v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) (at
16 pre-certification stage of Title VII class action, defendant employer ordered to disclose names,
17 addresses, telephone numbers, and social security numbers of current and past employees); *Putnam
18 v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2002) (ordering production of the names,
19 addresses, and telephone numbers of putative class members, subject to a protective order, including
20 those who worked in a sales division other than the plaintiff's own). Given this standard, the Court
21 finds that Plaintiff is entitled to the contact information of putative class members. Plaintiff seeks
22 this information in order to substantiate class allegations and to meet the certification requirements
23 under Rule 23. The contact information and subsequent contact with potential class members is
24 necessary to determine whether Plaintiff's claims are typical of the class, and ultimately whether the
25 action may be maintained as a class action.

---

before the presiding judge.

6

In reviewing Defendant's arguments, the Court notes that, with the exception of the Chefs' right to privacy, their arguments tend to focus on whether Plaintiff will ultimately satisfy his burden of establishing that a class action is proper under Rule 23. However, the Court need not concern itself with these arguments here as Plaintiff's burden at this stage is to make a prima facie showing that the Rule 23 class action requirements are satisfied, which the Court finds that he has done. *Manolete*, 767 F.2d at 1424.

Turning to Defendant's argument regarding the right to privacy, the Court agrees that the applicants do have a right to privacy. "When the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (quoting *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007). "Compelled discovery within the realm of the right of privacy 'cannot be justified solely on the ground that it may lead to relevant information.'" *Id.* (quoting *Wiegele*, 2007 WL 628041, at *2). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Wiegele*, 2007 WL 628041, at *2 (citing *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1854 (1994)). "As a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Id.* (internal citation and quotations omitted).

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiff's claims, as well as other class certification issues. Further, the privacy interests at stake in the names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Artis*, 276 F.R.D. at 352; *Wiegele*, 2007 WL 628041, at *2. While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of

7

privacy, the information sought by Plaintiff is not particularly sensitive. *See, e.g., Khalilpour v. CELLCO P'ship*, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy"). As a result, Defendant's privacy objections must yield to Plaintiff's request for the information.

Moreover, the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure. The discovery is to be produced to Plaintiff's counsel only and to be used only in this litigation. Under these circumstances, the potential privacy interests of putative class members are adequately balanced. *Id.*

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows. Defendant is ORDERED to disclose to Plaintiff the contact information of all putative class members. Further, the parties are ORDERED to meet and confer and subsequently file a joint stipulation and proposed protective order regarding disclosure of the contact information within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 3, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge