IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALGEE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>NORDSTROM, INC.,<br><br>            Defendant.<br>_____/ | No. C 11-301 CW<br><br>ORDER REGARDING DEFENDANT'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Docket Nos. 86 and 87) |

Defendant Nordstrom, Inc. seeks relief from two non-dispositive discovery orders of the magistrate judge. In the first, issued on May 3, 2012, the magistrate judge ordered Defendant to disclose to Plaintiffs the names and contact information for the putative class members, which is estimated to include approximate sixty individuals. Docket No. 71. In the second, issued on May 7, 2012, the magistrate judge ordered Defendant to provide responses to certain requests for production of documents made by Plaintiff, and to limit its responses to a sample of one-quarter of the putative class. Docket No. 75.

A magistrate judge's orders on non-dispositive pretrial matters are reviewed using a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a).

In both motions, Defendant primarily contends that Plaintiff lacks standing to pursue his claims based on certain parts of his deposition testimony, which Defendant believes "confirmed that he was properly classified as overtime exempt at all relevant times."

1  Mots. at 1.  The essence of Defendant's argument is that Plaintiff
2  will not be able to prove the merits of his case.  However, "[t]he
3  purpose of the standing doctrine is to ensure that the plaintiff
4  has a concrete dispute with the defendant, not that the plaintiff
5  will ultimately prevail against the defendant."  Hall v. Norton,
6  266 F.3d 969, 976-977 (9th Cir. 2001).  Defendant does not dispute
7  that Plaintiff properly alleged the three elements of the "case or
8  controversy" requirement of Article III, injury in fact,
9  causation, and a likelihood that a favorable decision will redress
10 his alleged injury, which is sufficient to establish standing at
11 this stage of the litigation, prior to the filing of any summary
12 judgment motion.  Lujan v. Defenders of Wildlife, 504 U.S. 555,
13 561 (1992).  The alleged weakness of Plaintiff's individual case
14 may go to his adequacy as a class representative, which will be
15 addressed in the class certification motion.[1]

---

[1] Defendant has indicated that it may file a summary judgment motion addressing the standing issue.  Defendant may do so as part of its opposition to Plaintiff's motion for class certification and cross-motion to compel arbitration of current employees, contained in a single brief of twenty-five pages or less, in accordance with the briefing and hearing schedule previously set out in the Court's order of March 27, 2012.  See Docket No. 62.

If Defendant does so, Plaintiff's opposition to Defendant's cross-motion for summary judgment shall be contained with his reply in support of his motion for class certification and opposition to the motion to compel arbitration in a single brief of twenty-five pages or less.  Defendant's reply in support of its motion for summary judgment shall be contained in a single brief of fifteen pages or less with its reply in support of its motion to compel arbitration.  The hearing on Defendant's motion for summary judgment shall be heard on Thursday, November 29, 2012, at 2:00 p.m., concurrently with the hearings on Plaintiff's motion for class certification and Defendant's motion to compel arbitration.

2

In its challenge to the May 3, 2012 order, Defendant additionally argues that the putative class members' constitutional right to privacy bars production of the class list and that the magistrate judge should not have ordered disclosure of the full class list.  Defendant made these arguments to the magistrate judge, who considered and rejected them, and Defendant presents no reason to conclude that her determination was clearly erroneous or contrary to law.  Accordingly, Defendant's motion for relief from the May 3, 2012 order is DENIED (Docket No. 86).

In its motion for relief from the May 7, 2012 order, Defendant also contends that the magistrate judge's order limiting production to one-quarter of the putative class does not make sense when read in conjunction with the requests for production themselves.  This argument is unavailing.  The limitation to one-quarter of the putative class can logically be read to mean that, for requests in which Plaintiff asked for documents related to all class members, Nordstrom is required to produce documents related to only a sample of one-quarter of the putative class members.

Defendant further argues that much of the production ordered in the May 7, 2012 order is overly broad prior to a motion for class certification.  The Court notes that Defendant's argument appears meritorious as to Request No. 61, through which Plaintiff seeks "[a]ll documents identifying third parties providing food supplies to the California Nordstrom restaurants during the class period," but does not find Defendant's argument persuasive for the remainder of the requests.

Thus, the Court DENIES Defendant's motion for relief from the May 7, 2012 order as to the other requests for production, and

3

1  sets a briefing schedule on Defendant's over-breadth argument
2  regarding Request No. 61 only, as follows.  Within five days of
3  the date of this Order, Plaintiff shall file a response of three
4  pages or less.  The Court will decide the motion on the papers.
5        IT IS SO ORDERED.

7  Dated: 5/25/2012
                              CLAUDIA WILKEN
                              United States District Judge