IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ALGEE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>NORDSTROM, INC.,<br><br>    Defendant.<br>_____/ | No. C 11-301 CW<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Docket No. 86) |

    Defendant Nordstrom, Inc. seeks relief from a non-dispositive discovery order of the magistrate judge, requiring it to provide responses to Plaintiff Brian Algee's request for "[a]ll documents identifying third parties providing food supplies to the California Nordstrom restaurants during the class period."

    A magistrate judge's orders on non-dispositive pretrial matters are reviewed using a clearly erroneous or contrary to law standard.  See 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a).

    Plaintiff contends that this information will help him identify third party vendors who "would have information regarding whether orders are received directly from a corporate office or from the Executive Chef's [sic] themselves, whether Executive Chefs all use standardized order forms, submit orders on the same day, and the extent to which Executive chefs are able to order unique ingredients."  Suppl. Memorandum at 2.  Plaintiff argues that this is relevant to class certification, because it will

assist him in evaluating the commonality of the evidence available to him, and in demonstrating this to the Court. Id.

While this discovery is potentially relevant to the ultimate merits of this case, the Court finds that Plaintiff's request for production is overly broad and burdensome for the purposes of pre-certification discovery. While Plaintiff states that he seeks this material to identify third-party vendors, this request is not narrowed to this task and the burden of production to comply fully with the request appears high. Further, to the extent that Plaintiff seeks information such as the use of standardized order forms to order food supplies to support his arguments of commonality and typicality in his class certification motion, Plaintiff has propounded other requests for production that would allow him to provide this information to the Court with that motion. See, e.g., Pl.'s Request for Production No. 60 (requesting "[a]ll documents referring or relating to ordering food supplies for California Nordstrom restaurants during the class period").

IT IS SO ORDERED.

Dated: 6/4/2012

CLAUDIA WILKEN
United States District Judge

2